■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH BOYD, Appellant. [664 NYS2d 919] —Judgment, Supreme Court, New York County (Michael Corriero, J.), rendered September 26, 1995, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The testimony regarding defendant's statement to the undercover officer and his accompanying gesture, combined with the vials of crack found on his person, provided ample evidence of defendant's intent to sell. The credibility of the police witnesses and any inconsistency in their testimony were properly presented to the jury and we see no reason to disturb its determinations. Concur—Sullivan, J. P., Rosenberger, Wallach, Nardelli and Colabella, JJ.

■ MYLES A. CANE, Respondent-Appellant, v BAER MARKS & UPHAM et al., Appellants-Respondents. [664 NYS2d 915] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered September 4, 1996, which granted defendants' motion for summary judgment to the extent of dismissing so much of plaintiff's third cause of action as alleges that defendant Levitas made improper political contributions and that defendant Handel misappropriated investment opportunities, and denied plaintiff's cross motion for summary judgment and for an order excluding certain documents from evidence, unanimously affirmed, without costs.

Defendants fail to demonstrate that the actions taken by the new management team of defendant partnership between 1982 and 1985 and thereafter were done in accordance with the terms of the Partnership Agreement or that such provisions were waived, and the evidence offered by plaintiff is sufficient to raise issues of fact as to the other aspects of the case raised on defendants' appeal (see, Communications & Entertainment Corp. v Hibbard Brown & Co., 202 AD2d 191). We have considered the parties' other contentions for affirmative relief and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach, Nardelli and Colabella, JJ.